UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-28 JD |
| (3) JOSHUA GANT | |

**OPINION AND ORDER**

The incarcerated defendant, Joshua Gant, proceeding *pro se*, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE 215, 216.[1]) For the reasons herein, the motion will be denied.

**A. Background**

In 2020, Mr. Gant was indicted by a federal grand jury on two counts. (DE 11.) One count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). These charges were in relation to a November 18, 2019, armed robbery which occurred at a Low Bob's store in Mishawaka, Indiana. (DE 139 ¶ 7.) During this robbery Mr. Gant, and his codefendant Mr. Armand White, wearing ski masks and bearing pistols entered the store and pointed their firearms at the clerk. (*Id.*) One gunman, wielding a black pistol and later identified as Mr. White, pointed his pistol at the clerk and demanded she open the cash drawer and the safe. (*Id.* ¶ 7, 13.)

---

[1] Mr. Gant separately filed both a letter and a Court provided form outlining his request. These documents argue the same basis for relief and the Court will construe the request as a single motion. The Court will also consider Mr. Gant's letters (DE 228, 229, and 230) as components of his request. While Mr. Gant should have filed a single motion with all necessary exhibits attached, there is no prejudice to the Government in this case from the multiple filings as they are short, largely restate the same points, and were filed before the Government's response was due.

He also instructed her to lay down on the floor otherwise he would shoot her and then stole money and cigarettes from behind the counter. (*Id.* ¶ 7) The gunman armed with a gray pistol, later identified as Mr. Gant, also pointed his gun at the clerk, told her to lay on the floor and threatened to shoot her if she did not comply. (*Id.*) After the robbers fled the scene, the clerk used the panic alarm to call the police and was taken to the hospital by her spouse due to the anxiety caused by the robbery. (*Id.*)

Police were ultimately able to identify and arrest Mr. Gant, Mr. White, and Ms. Crystal Egan who was Mr. White's girlfriend and the getaway driver at this robbery. Mr. Gant admitted his role in the offense to police and indicated he had been approached about assisting in a robbery by Mr. White. (*Id.* ¶ 12.) Mr. Gant indicated he felt compelled to participate due to a drug debt he owed Mr. White. (*Id.*) Mr. Gant indicated that Mr. White provided the ski mask and firearm he used in the robbery, and was compensated for his role with a small amount of stolen money and some powder cocaine. (*Id.*)

For his role in this offense, the Court sentenced Mr. Gant to 90 months of imprisonment. (DE 157.) Mr. Gant subsequently filed a request for compassionate release with the BOP, which was denied. After exhausting his administrative remedies within the BOP Mr. Gant then filed a motion with the Court. The Government has responded in opposition to the motion; thus the motion is ripe for decision.

### B. Legal Standard

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant

such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert.* denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what, if any, reduction to award the defendant. *Id.*

The policy statements to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. As applicable here, this includes the family circumstances of the defendant such as the need for the defendant to serve as caregiver for a minor child. U.S.S.G. § 1B1.13. The relevant provision states:

**(b) Extraordinary and Compelling Reasons.**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
**(3) Family Circumstances of the Defendant.**--
   **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
   **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
   **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
   **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13.

The application note also indicates that rehabilitation of the defendant "is not, by itself, an extraordinary and compelling reason." *Id.* at 1B1.13(d).

**C. Discussion**

Having reviewed Mr. Gant's submissions, the Court finds that he has not established an extraordinary and compelling reason warranting modification of his sentence.

Mr. Gant presents two claimed extraordinary and compelling reasons for a reduction in his sentence. The first is to build a closer relationship with and provide for his minor children who are currently in foster care, after being removed from the care of their mother by the Indiana Department of Child Services ("DCS"). Documentation provided by Mr. White indicates it is planned for the children to be reunited with their mother by May 8, 2024. (DE 229-1 at 3.) Mr. Gant also suggests his rehabilitative efforts while in prison support his request for a reduction in sentence.

The Government opposes Mr. Gant's motion. They argue Mr. Gant has not shown he is either legally entitled to the custody of his children or that he would be a suitable caregiver for them. The Government also notes that Mr. Gant's rehabilitation efforts alone are not a basis for release. Lastly, the Government argues the relevant § 3553(a) factors weigh against a reduction in Mr. Gant's sentence.

*(1) Mr. Gant has not established an extraordinary and compelling reason for a sentence reduction*

4

*(a) Mr. Gant's family situation does not constitute an extraordinary and compelling reason for a sentence reduction*

Mr. Gant's request for a modification in sentence to build a closer relationship and care for his minor children is assessed under Sentencing Guidelines section 1B1.13(b)(3)(A). This provision notes that the "death or incapacitation of the caregiver of the defendant's minor child" may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. § 1B1.13(b)(3)(A). Depending on the particular circumstances, legal incapacitation of a caregiver such as incarceration of the caregiver or placement of children in foster care, can constitute an extraordinary and compelling circumstance. *United States v. Ray*, No. 3:19-CR-46, 2023 WL 3411024, at *2 (N.D. Ind. May 12, 2023) (citing *United States v. Fields*, 569 F.Supp.3d 231, 240 (E.D. Pa. 2021)).

First and foremost, Mr. Gant has not shown "incapacitation of the caregiver" based on the particular circumstances of this case. The submitted records demonstrate that the children are soon to be reunified with their mother, who will serve as their caregiver. As well, it isn't even clear to the Court that Mr. Gant seeks custody or intends to be their primary caregiver. To that extent, this Court has previously noted that it looks to whether the defendant would be "legally entitled to custody of the children" if released and whether the defendant would be "suitable caregiver" to the children. *Ray*, 2023 WL 3411024, at *3.

Second, Mr. Gant has not provided the Court with any evidence to indicate he would be legally entitled to the custody of the children if released. Mr. Gant's failure to provide evidence that he retains parental or custodial rights forecloses his claim for relief.[2] *Ray*, 2023 WL

---

[2] Mr. Gant's own filings cast doubt on whether he has custodial rights as his motion indicates "I'm getting paternity rights…" (DE 216 at 5.) While it is not entirely clear what Mr. Gant meant by this sentence, it would suggest he does not currently have established paternity rights to the children and is in the process of doing so.

5

3411024, at *3 (citing *United States v. Paul*, No. 3:18-CR-227, 2020 WL 5807343, at *1 (S.D. W.Va. Sept. 25, 2020)). Third, Mr. Gant has not explained why he would be considered a suitable caregiver to his children upon release. Mr. Gant's filings clearly convey he loves his children and seeks to be a part of their life. (*See e.g.,* DE 229-1 at 3, 11 (Indiana DCS records noting Mr. Gant and his children exchange letters)). Further, Mr. Gant has indicated that he has a job lined up when he is released from prison and has arranged a place to live with his aunt. (DE 216 at 9.) However, there are also unresolved questions such as whether his children would be able to live with him at his aunt's home and who would provide childcare while he is at work. There is also the issue of Mr. Gant's children currently being in foster care and whether the living arrangements he has planned would be acceptable to Indiana DCS. Absent clear answers to these questions the Court cannot, at this time, conclude Mr. Gant would even qualify as a "suitable caregiver" under the law for purposes of compassionate release.

Consequently, the Court finds that Mr. Gant has not established an extraordinary and compelling reason for a reduction in his sentence.

### *(b) Mr. Gant's rehabilitation cannot independently provide an extraordinary and compelling reason for a sentence reduction*

Mr. Gant argues that his record of taking educational and other classes in the BOP, including obtaining his GED, establish an extraordinary and compelling reason for his release. It is important to note that Mr. Gant's rehabilitation, *standing alone*, cannot constitute an extraordinary and compelling reason for reduction in sentence. Congress expressly held that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for compassionate release.]" 28 U.S.C. § 994(t); *United States v. Peoples*, 41 F.4th 837,

842 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme.") That said, his rehabilitative efforts can be considered alongside other factors which warrant a sentence reduction. *Peoples*, 41 F.4th at 842.

Mr. Gant deserves to be commended for his efforts at self-improvement while incarcerated and they undoubtedly reflect well upon him. But they are not sufficient to independently merit a reduction in his sentence. As discussed earlier in this order, Mr. Gant has not established an extraordinary and compelling reason for release. This means that his rehabilitative efforts stand alone and consequently cannot be an extraordinary and compelling reason for a reduction in his sentence.

**(2)** *The § 3553(a) factors weigh against reducing Mr. Gant's sentence*

The Court also concludes, in the alternative, that even if Mr. Gant had established an extraordinary and compelling reason for his release, the § 3553(a) factors would weigh against his release. Mr. Gant does not directly discuss the factors in his motion, but the Court construes his rehabilitative efforts as part of that consideration.

Again, Mr. Gant is to be commended for his rehabilitative efforts while incarcerated, particularly obtaining his GED. Nonetheless, the Court finds on balance the factors counsel against a reduction. The § 3553(a) factors include a requirement that the sentence imposed should "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Mr. Gant was one of the gunmen in the robbery of a convenience store where the experience was so traumatic for the clerk that she sought medical help immediately afterwards. This is clearly a very serious offense.

The Court recognizes that Mr. Gant is somewhat less culpable than his codefendants who invited him into the crime and that he felt obligated to accept based on personal debts. Nonetheless, that does not excuse Mr. Gant's conduct. Mr. Gant agreed to participate in the plot. In the course of the robbery he threatened to shoot the clerk, while pointing his gun at her, if she did not comply with his instructions. Mr. Gant may not have planned the robbery, but he was a willing participant and that willingness extended to using threats of deadly force to coerce compliance from an innocent victim. The victim wrote a letter in response to Mr. Gant's motion where she requested the Court deny the motion and compel Mr. Gant to live with the consequences of his choice, by serving his full sentence, as she is forced to live with the consequences, namely the enduring memory of him threatening her with a firearm. (DE 235.) The Court also considers the fact Mr. Gant's has been assessed as a high recidivism risk by the BOP as a factor weighing against a reduction in sentence. (DE 215 at 1.)

Accordingly, the Court finds that the § 3553(a) factors overall weigh against Mr. Gant's request even if he had provided an extraordinary and compelling reason for a reduction of his sentence.

### D. Conclusion

For those reasons, the Court DENIES Mr. Gant's motion for compassionate release or reduction in sentence. (DE 215, 216.)

SO ORDERED.

ENTERED:

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court